UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALAK BAALIM, | ) |
|    Plaintiff, | ) ) ) |
| v. | ) No. 4:25-cv-01354-RHH |
| CHARLES JAMES, et al., | ) ) ) |
|    Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Malak Baalim's application to proceed in district court without prepaying fees or costs.[1] Based on Plaintiff's financial information, the Court orders Plaintiff to pay an initial partial filing fee of $1.00. Additionally, on initial review, the Court will stay and administratively close this action based on the principles articulated in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will

---

[1] Plaintiff is also known as Norbert Cody II, which is the name on his criminal indictment. *See State v. Cody*, No. 2422-CR02941-01 (St. Louis City Cir. Ct.).

forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a "resident transactions" report from the St. Louis City Justice Center for the time period February 4, 2025 through March 21, 2025. It is unclear to the Court why the report contains less than two months of financial information from a time period six months before Plaintiff filed suit. The report shows only a balance of $0. Based on this information, the Court will charge an initial partial filing fee of $1. If Plaintiff has no assets and no means by which to pay the fee, he shall notify the Court in writing. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## Background

Based on a review of Missouri's state court online docketing system, Missouri Case.net, on October 31, 2024, a grand jury in the City of St. Louis indicted Plaintiff on one count of felony stealing – postal or delivery item – and one count of misdemeanor harassment. The indictment states that on July 19, 2024, Plaintiff stole letters that were delivered by the postal service and had not yet been received by the addressee. *See State v. Cody*, No. 2422-CR02941-01 (St. Louis City Cir. Ct.). A superseding indictment, filed July 2, 2025, charged Plaintiff with one count of felony stealing – postal or delivery item – and one count of felony harassment. *See id.* The superseding indictment lists the date of the offense as October 7, 2024. The criminal matter was set for a hearing on October 9, 2025.

## The Amended Complaint

Plaintiff brings this action against Defendants Charles James and Sonya Morgan. Plaintiff states that on July 23, 2024, Morgan opened Plaintiff's mail and withheld it from him. She then gave a false report to the police "to continue trespassing on property when it[']s a crime RSMo 570.180 to deal with property subject to a security interest with purpose to defraud holder of the security interest." ECF No. 3 at 3. Plaintiff states that Morgan kept Plaintiff's Missouri state ID and his electric bill. He states that Defendant Charles James "aided and abetted" Morgan by providing the authorities Plaintiff's opened mail. He states that Defendants' false reports to the police led to his arrest. "They both had motive to deprive me of my property keeping my Missouri

state ID from me to intentionally with malice give a false report to the authorities to detain me to keep trespassing on my property." *Id.*

Plaintiff states that Defendants' conduct has caused him emotional distress, loss of freedom, loss of financial gain, humiliation, and injury to his character. For relief, he seeks a warrant for Defendants' arrest and $1,333,333 in compensatory and punitive damages.

**Discussion**

Plaintiff's complaint concerns matters in dispute in his criminal case pending in St. Louis City Circuit Court. He alleges Defendants committed crimes against him when they stole his mail. These are the same crimes the state of Missouri charged Plaintiff with in the superseding indictment. Additionally the alleged mail theft occurred at 1921 S. 9th Street in St. Louis, which is the address listed on Plaintiff's criminal indictment as the location of his felony stealing of mail.[2]

In *Wallace v. Kato*, the Supreme Court observed that, where a plaintiff files a civil claim that is "related to rulings that will likely be made in a pending or anticipated criminal trial," "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." 549 U.S. 384, 393-94 (2007). Otherwise, the Court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a a time when it can hardly be known what evidence the prosecution has in its possession. *Id.* at 393 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994)).

---

[2] To the extent Plaintiff seeks criminal charges against Defendants, he does not possess a legally cognizable interest in having another person arrested or charged with a crime, nor can this Court compel a criminal prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Plaintiff's § 1983 claim is related to the criminal charges pending against him in state court. *See State v. Cody*, No. 24220CR02941-1 (St. Louis City Cir. Ct.). The arrest Plaintiff claims was based on Defendants' fraudulent report occurred during the investigation of these charges. His claims are "related to rulings that will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393. As such, the principles of comity and judicial economy dictate that the case should be stayed until the underlying criminal matter against Plaintiff has been resolved. *See, e.g.*, *Vonneedo v. Dennis*, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 4].

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $1.00 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include on it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff shall notify the court in writing about the final disposition of the criminal charges pending against him in *State v. Cody*, No. 2422-CR02941-01 (St. Louis City Cir. Ct.).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against Plaintiff and may be reopened by Plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this 15th day of October, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE